# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| Muhammed Karadayi, *Plaintiff*, -v- UNITED STATES DEPARTMENT OF HOMELAND SECURITY (DHS); UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES (USCIS), Ur M. Jaddou, USCIS Director *Defendants*. | Case No: 1:23-cv-1388 |

## Complaint and Action in Mandamus

More than two-thousand two-hundred days have passed since Plaintiff filed an application for asylum with the US Citizenship and Immigration Services (USCIS). Plaintiff has taken every other available measure before petitioning this Court. He has contacted USCIS and congressional representatives several times for assistance with these extreme delays. None of his efforts have made any headway in resolving this extreme delay.

USCIS has unreasonably and arbitrarily delayed scheduling an interview. This delay violates USCIS' duty to schedule an initial interview within 45 days of receipt of an asylum application. It also does so arbitrarily by continuing to schedule interviews for other applicants in violation of its own guidance.

## Jurisdiction and Venue

1. This Court has jurisdiction over the claims asserted in this action pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1361, and 28 U.S.C. § 1651 because Plaintiff asks this Court to compel Defendants, officers of the United States, to perform their duty owed under INA § 208(d)(5)(A)(ii)-(iii), 8 U.S.C. § 1158(d)(5)(A)(ii)-(iii).

2. Jurisdiction is also conferred on this Court pursuant to 5 U.S.C. § 704 as Plaintiff is aggrieved by adverse agency action which this Court is authorized to remedy under the Administrative Procedures Act, 5 U.S.C. §§ 702 et seq.

3. The jurisdiction of this Court is also invoked pursuant to 28 U.S.C. §§ 2201-02 which authorizes the issuance of declaratory judgments.

4. Plaintiff seeks costs and fees pursuant to the Equal Access to Justice Act, 5 U.S.C. § 504 and 28 U.S.C. §§ 2412(2) et seq.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(e) because this judicial district is where a substantial part of the events and omissions giving rise to the claim occurred.

## The Parties

6. Plaintiff Muhammed Karadayi is a resident of Franklin County, Ohio, who applied for asylum with USCIS on February 16, 2017.

7. Defendant US Department of Homeland Security (DHS) is part of the executive branch charged with enforcement of US immigration laws, including its oversight of the agency US Citizenship and Immigration Services (USCIS).

8. Defendant US Citizenship and Immigration Services (USCIS) is a government agency which resides in DHS. USCIS received and processed Plaintiff's application.

9. Defendant Ur M. Jaddou is the Director of USCIS. Director Jaddou is named in her official capacity.

## Facts at Issue

10. Petitioner filed a complete application for asylum with USCIS on February 16, 2017.

11. In January of 2018, USCIS adopted a new scheduling order for asylum interviews known as "first-in, first-out." This system aims to schedule asylum interviews for new applicants before those with older pending cases.

12. The first-in, first-out system creates three priority groups. First priority applicants are those being rescheduled for interviews that were previously cancelled by either the applicant or USCIS. Second priority goes to new applications pending 21 days or less. Third priority goes to those in the "asylum backlog" who are waiting for interviews, starting with the most recently added applicant.

13. The USCIS Asylum Offices have failed in most periods to complete interviews for applicants in the second priority group. As a result, tens of thousands of applicants with case pending before the new scheduling system went into place may never receive an asylum interview.

14. USCIS has failed to dedicate resources to older cases or to allow those with long-pending cases to schedule an interview. Currently, USCIS only permits interviews for older cases if they qualify for expedited processing under established guidelines. Those guidelines permit some individuals with compelling humanitarian circumstances to schedule an interview.

15. Plaintiff has contacted USCIS and his congressional representatives on several occasions to ask for assistance with these extreme delays. Despite his best efforts, he was unable to convince USCIS to schedule his interview.

16. Plaintiff has no remaining options other than this Complaint to resolve this matter. Without intervention by this Court, Plaintiff may never be given an opportunity to be interviewed on the asylum application. By constantly prioritizing other cases, USCIS has created a procedural black hole that indefinitely suspends the asylum process.

17. Unreasonable delays in asylum applications create numerous other injustices beyond the failure to adjudicate the application for asylum. A successful asylum applicant can petition for family members, apply for permanent residency when eligible, and eventually become a US Citizen. Without an interview, the applicant cannot do any of those things. Furthermore, by being held in immigration limbo, the applicant is unable to make long-term life plans and face discrimination in employment for having limited-term work authorization. They also shoulder additional expenses from having to continuously renew their work authorization as well as to pay legal fees to try and resolve their stalled case.

### Plaintiff's Claims

18. Plaintiff's statutory right to apply for asylum under 8 U.S.C. 1158(a)(1) is being violated by Defendants' failure to fulfill its non-discretionary duty to schedule an asylum interview within 45 days. *See* 8 U.S.C. 1158(d)(5)(A)(ii).

19. Defendants have unreasonably delayed Plaintiff's asylum interview and this Court has the authority to remedy that delay under 5 U.S.C. § 706(1).

20. Defendants have acted arbitrarily and capriciously by creating as system where applicants for asylum are being indefinitely delayed without remedy or due process. *See* 5 U.S.C. § 706(2)(A).

21. Defendants have failed to act and owe the Plaintiff a non-discretionary duty. Plaintiff seeks a writ of mandamus pursuant to 28 U.S.C. § 1361 to compel USCIS and the Asylum Office to schedule an interview in this matter.

## **Prayer for Relief**

WHEREFORE, Petitioner prays that this Court grant the following relief:

A  Assume and maintain jurisdiction over this matter;

B  Declare Defendants' actions in this matter an abuse of discretion and not in accordance with the law pursuant to 5 U.S.C. § 706(1), 5 U.S.C. § 706(2)(C) and 28 U.S.C. §§ 2201-02;

C  Issue a preliminary and permanent injunction pursuant to 28 U.S.C. § 1361 and 5 U.S.C. § 706(1) compelling Defendants to schedule an asylum interview and make a determination on Plaintiff's I-589 Application for Asylum within 90 days of the interview;

D  Issue a writ of mandamus or in the nature of mandamus, pursuant to 28 U.S.C. § 1361, 28 U.S.C. § 1651, and/or 5 U.S.C. § 706(1), compelling Defendants to schedule an asylum interview and make a determination on Plaintiff's I-589 Application for Asylum within 90 days of that interview;

E  Grant attorneys' fees and costs of this suit under the Equal Access to Justice Act, 5 U.S.C. § 504 and 28 U.S.C. § 2412(2), et seq.; and

F  Grant any other relief which this Court deems just and proper.

Respectfully submitted,


/s/ Joseph Krebs Muller

Joseph Krebs Muller
Bar: MO #65066, TX #24117397
Law Office of Joseph Muller
9600 Great Hills Trl. Ste. 150W
Austin, TX 78759
Email: joseph@jkmlaw.cc
Phone: (512) 593-8258
Fax: (512) 361-4938

**Verification of Counsel**

I, Joseph Krebs Muller, hereby certify that I am familiar with the case of the named Petitioner and that the facts as stated above are true and correct to the best of my knowledge and belief.

/s/ Joseph Krebs Muller
Joseph Krebs Muller

**Certificate of Service**

I, Joseph Krebs Muller, hereby certify that today, March 6, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

>Office of the General Counsel
>U.S. Department of Homeland Security
>245 Murray Lane, SW
>Mail Stop 0485
>Washington, DC 20528-0485
>
>Attorney General Merrick B. Garland
>U.S. Department of Justice
>950 Pennsylvania Avenue, NW
>Washington, DC 20530-0001
>
>U.S. Citizenship & Immigration Services
>Office of the Chief Counsel
>20 Massachusetts Ave. NW, Room 4210
>Washington, DC 20529
>
>Eastern Division (Chicago)
>219 S. Dearborn St., Suite 500
>Chicago, Ill. 60604
>(312) 353-5300

<u>/s/ Joseph Krebs Muller</u>

Joseph Krebs Muller